**Sixth Circuit**—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

**Presiding Justice,** William R. Day of Ohio, Justice of Supreme Court.

**Circuit Judges**—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donhue, New Lexington, Ohio.

**Clerk**—Arthur B. Mussman, Cincinnati.

**Deputy Clerk**—Frank A. Hight, Federal Building, Cincinnati.

**Terms,** at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court called Calendar Sessions), there is a regular and peremptory all of the calendar containing all of the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 10 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief

### No. 128
### FLEISCHMAN CONSTRUCTION CO. v. BURNS

U. S. Circuit Court of Appeals
Nov. 8, 1922. No. 3638

COURTS—State court's construction of state statute followed in Federal Courts irrespective of prior contrary construction by Federal Court.

DONAHUE, C. J.
#### Epitomized Opinion

Burns, while employed by the construction company, suffered injuries alleged by him to be the result of failure of the construction company to provide proper mechanical contrivances which would protect the life and limbs of employes. The Workmen's Compensation Laws of Ohio (1465-76 GC.) provides that an employer is not liable for injuries to an employe unless the injury resulted from failure to comply with lawful requirements for safety of employes. Burns claims that the construction company failed to comply with 12593 GC., which provides punishment for an employer failing to properly protect his employes. The Ohio Supreme Court held that 12593 GC. was not "lawful requirements" within the meaning of 1465-76 GC., although the Federal Court had previously decided the reverse.

1. Federal Courts will not reverse a judgment of a state court of last resort construing a state statute, no federal question being involved, and in the absence of purpose of the State Court to evade a federal issue. A previous contrary construction by a Federal Court is immaterial.

**Attorneys**—Irwin N. Loeser and M. P. Mooney, for Fleischman Co.; Anderson, Lamb & Osborne, and J. J. Tetlow, for Burns.

(Continued from Page 180)
company. The defendants claimed the old company was a necessary party to this action.
Held:

1. A defunct corporation is not a necessary party in an action by stockholders, to hold directors as trustees, and for accounting, no creditor complaining.

2. It is immaterial to old stockholders that the allotment of stock in a new company is unfair, except as to evidence of interest, when the old stock is worthless.

3. A chattel mortgage is voidable when given by directors directors to themselves, when the mortgagees are necessary to constitute a quorum of the board of directors.

4. Ratification of such a mortgage by stockholders at a meeting is within the corporate business, and a proxy "to represent as fully as if personally present" authorizes a vote in ratification.

5. A chattel mortgage executed to directors may be ratified by stockholders and become binding, and a stockholder whose proxy voted for ratification is estopped to question validity.

6. Ratification of the mortgage was ratification of usual provision therein, especially on authorizing sale thereunder.

7. Where sale is made of property of a company under chattel mortgage, where it had been unsuccessfully for ten years, and notice of sale under mortgage had been given by mail to each stockholder, leading prospective purchasers in its line, and by two posted notices, will not be set aside because of lack of publication of notice in newspaper.

8. Where stockholders who had notice of corporate insolvency, had opportunity to participate in reorganization, and invited to participate and failed to do so, are estopped by laches to question legality of sale, the necessity of sale, etc.

9. Stockholders who wish to set aside sale must absolve themselves of laches.

10. Direct evidence of sending notice of sale under chattel mortgage will prevail over denial of receipt.

11. In such a suit burden is on stockholders to show inequity of enforcing statute of limitation. GC. 11224.

12. Laches is not mere delay, but delay which works a disadvantage to others.

13. Where one purchase at a chattel mortgage sale, and is permitted to develop the property, this is a circumstance of estoppel.

14. Directors of a corporation are not trustees in such a sense as will not permit the doctrine of laches running in their behalf.

15. Directors who are also mortgagees may purchase at sale under chattel mortgage, if they exercise the good faith required.

16. The fact that the directors who purchased the patents at the chattel mortgage sale, planned to make an effort to perfect the inventions, did not render the sale fraudulent.

17. The amount of debt and not the amount of bid is the criterion that governs in determining adequate consideration.

**Counsel**—Elijah N. Zoline, New York, E. G. Guthery, Cleveland, and Gilbert H. Baker, Penn Yan, for plaintiff; Tolles, Hogsett, Ginn & Morley, and John F. Wilson, of Cleveland, for defendant.